# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO RANSOME, | CASE NO. 1:10-cv-02317 GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |
| v. | RESPONSE DUE IN THIRTY DAYS |
| C/O LONGERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Central California Women's Facility in Chowchilla (CCWF). Plaintiff alleges that she is a wheelchair bound inmate. Plaintiff alleges that C/O Longero ordered her to get out of her wheelchair and walk through a metal detector. Plaintiff stood up, shifted her weight, and fell, injuring her left knee and elbow. Plaintiff further alleges that she was improperly classified as a Disability Placement Other (DPO), as opposed to a Disability Placement Wheelchair (DPW), which indicates the full time use of a wheelchair.

Plaintiff initiated this action by the filing of a civil complaint on November 22, 2010. On November 8, 2011, Plaintiff filed a document styled as a notice of exhaustion of administrative remedies. In her submission, Plaintiff indicates that she has exhausted her remedies. Attached as an exhibit to her submission are copies of inmate grievance number CCWF-10-00533. In this grievance, Plaintiff indicates that, during a workchange on August 26, 2010, C/O Longero ordered Plaintiff to stand up and walk through a metal detector. Plaintiff attempted to stand up, and fell, injuring her knee and elbow. Plaintiff also attaches a copy of a Director's Level Appeal Decision for inmate grievance number CCWF-10-00533. The Director's Level Appeal decision was issued on September 15, 2011, fully exhausting Plaintiff's administrative remedies. Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009)(citing 42 U.S.C.§ 1997e(a)). "[T]he PLRA exhaustion requirement

1  requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).  This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting Ngo, 548 U.S. at 88).

Here, it appears that Plaintiff is conceding that she did not exhaust her available administrative remedies prior to filing suit.  Although Plaintiff has provided documentation that she fully exhausted her administrative remedies, the Court is required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when the case was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Accordingly, Plaintiff IS HEREBY ORDERED to show cause, within thirty days of the date of service of this order, why this action should not be dismissed without prejudice for failure to exhaust available administrative remedies prior to filing suit.  Should Plaintiff fail to respond to this order to show cause, this action will be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

**Dated:   November 15, 2011**            /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE