# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO RANSOME, | CASE NO. 1:10-cv-02317 GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT |
| v. | |
| C/O LONGERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Central California Women's Facility in Chowchilla (CCWF).  Plaintiff

1  alleges that she is a wheelchair bound inmate. Plaintiff alleges that C/O Longero ordered her to get
2  out of her wheelchair and walk through a metal detector. Plaintiff stood up, shifted her weight, and
3  fell, injuring her left knee and elbow. Plaintiff further alleges that she was improperly classified as
4  a Disability Placement Other (DPO), as opposed to a Disability Placement Wheelchair (DPW),
5  which indicates the full time use of a wheelchair.

6  Plaintiff initiated this action by the filing of a civil complaint on November 22, 2010. On
7  November 8, 2011, Plaintiff filed a document styled as a notice of exhaustion of administrative
8  remedies. In her submission, Plaintiff indicated that she had exhausted her remedies. Attached as
9  an exhibit to her submission are copies of inmate grievance number CCWF-10-00533. In this
10 grievance, Plaintiff indicated that, during a work change on August 26, 2010, C/O Longero ordered
11 Plaintiff to stand up and walk through a metal detector. Plaintiff attempted to stand up and fell,
12 injuring her knee and elbow. Plaintiff also attached a copy of a Director's Level Appeal Decision
13 for inmate grievance number CCWF-10-00533. The Director's Level Appeal decision was issued
14 on September 15, 2011, fully exhausting Plaintiff's administrative remedies. Cal. Code Regs. Tit.
15 15, § 3084.5(e)(2).

16 "The Prison Litigation Reform Act requires that a prisoner exhaust available administrative
17 remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d
18 1117, 1119 (9th Cir. 2009)(citing 42 U.S.C.§ 1997e(a)). "[T]he PLRA exhaustion requirement
19 requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that a prisoner
20 must "complete the administrative review process in accordance with the applicable procedural rules,
21 including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568
22 F.3d 1024, 1027 (9th Cir. 2009)(quoting Ngo, 548 U.S. at 88).

23 In an order to show cause entered on November 15, 2011, the Court noted that it appeared
24 that Plaintiff conceded that she did not exhaust her available administrative remedies prior to filing
25 suit. Although Plaintiff provided documentation that she fully exhausted her administrative
26 remedies, the Court is required under Prison Litigation Reform Act (PLRA) to dismiss actions
27 without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but
28 was in process of doing so when the case was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir.

1  2002).  Accordingly, Plaintiff was ordered to show cause why this action should not be dismissed
2  without prejudice for failure to exhaust available administrative remedies prior to filing suit.
3   On January 31, 2012, Plaintiff filed a response to the order to show cause.  In her response,
4  Plaintiff recounts the facts alleged in the complaint regarding the incident that occurred on August
5  26, 2010.  Plaintiff makes no reference to exhaustion of administrative remedies, and makes no
6  showing that she exhausted her administrative remedies prior to filing suit.  This action was filed on
7  November 22, 2010.  The record clearly establishes that Plaintiff exhausted her administrative
8  remedies on September 15, 2011.
9   Accordingly, IT IS HEREBY ORDERED that this action is dismissed for Plaintiff's failure
10 to exhaust her available administrative remedies prior to filing suit.  The Clerk is directed to close
11 this action.

13   IT IS SO ORDERED.
14   **Dated:  February 9, 2012**                            **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE